**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KENNETH E. CARSWELL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:13-cv-252 (CAR)** |
| | : | |
| **CAROLYN W. COLVIN, Commissioner** | : | **Social Security Appeal** |
| **of Social Security,** | : | |
| **Defendant.** | : | |
| | : | |

## RECOMMENDATION

This is a review of the final decision of the Commissioner of Social Security denying Plaintiff Kenneth E. Carswell's claim for period of disability, disability insurance benefits, and supplemental security income. In support of his request for remand, Plaintiff principally argues that the Administrative Law Judge (ALJ) erred by not applying the proper legal standards when assessing the mental impairment questionnaire signed by Plaintiff's treating psychiatrist, Dr. Reddy. Because the ALJ's written decision fails to provide sufficient elaboration regarding how the ALJ made contradictory findings about the mental impairment questionnaire signed by Dr. Reddy and the overall medical opinion of Dr. Reddy, it is hereby **RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED** for further consideration.

## BACKGROUND

At the time of the administrative hearing, Plaintiff was 49 years old. Plaintiff suffered from the severe impairment of bipolar disorder and from the non-severe impairments of low blood count, headaches, borderline intellectual functioning, and mild degenerative disc disease of the lumbar spine. Prior to the alleged onset date of March 31, 2009, Plaintiff worked as a cable installer, a painter, a security guard, a truck driver, and an automobile detailer. On August 12,

2009, Plaintiff applied for period of disability, disability insurance benefits, and supplemental security income. His applications were denied initially and upon reconsideration. Following an administrative hearing on December 1, 2011, the ALJ issued a written decision finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's written decision. On July 15, 2013, Plaintiff filed the instant case.

## STANDARD OF REVIEW

Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Under this limited standard of review, a reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Where substantial evidence supporting the ALJ's factual findings exists, courts cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's factual findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Even so, the failure to apply the correct legal standards or to provide a sufficient factual basis for the reviewing court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is

expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). First, the Commissioner determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of his RFC, age, education, and work experience.

<u>DISCUSSION</u>

Because the ALJ fails to provide an adequate explanation regarding how she made inconsistent findings about the mental impairment questionnaire signed by Dr. Reddy and the overall medical opinion of Dr. Reddy, the ALJ's written decision does not provide the Court with a sufficient factual basis to determine whether the correct legal standards were applied here. Accordingly, the Commissioner's final decision must be reversed and remanded for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).

**ALJ's Findings**

At step one of the five-step sequential evaluation procedure, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 31, 2009. AR 56. At step two, the ALJ concluded that Plaintiff suffered from the severe impairment of bipolar disorder and from the non-severe impairments of low blood count, headaches, borderline intellectual functioning, and mild degenerative disc disease of the lumbar spine. Id. at 56-57. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that either met or medically equaled one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations. Id. at 57.

Consequently, before moving to step four, the ALJ considered Plaintiff's RFC. The ALJ determined that Plaintiff had the RFC to perform "medium work" as defined in 20 C.F.R. § 404.1567(c) and 20 C.F.R. § 416.967(c) with certain exceptions. AR 58. More specifically, Plaintiff could climb ladders, ropes, and scaffolds occasionally, and Plaintiff could climb ramps and stairs frequently. Id. Plaintiff also could balance, stoop, crouch, kneel, and crawl frequently. Id. Even so, Plaintiff's work should be limited to simple, repetitive tasks at a low-stress job, which the ALJ defined as having no production rate or pace work. Id.

At step four, the ALJ concluded that Plaintiff was able to perform past relevant work as an automobile detailer, which would not require the performance of work-related activities precluded by Plaintiff's RFC. AR 62. Alternatively, at step five, the ALJ found that there were other jobs that existed in significant numbers in the national economy that Plaintiff was able to perform based on his age, education, work experience, and RFC, including, kitchen helper, machine and equipment cleaner, and storage and warehouse worker. Id. at 63-64. Therefore, the ALJ concluded that Plaintiff was not disabled. Id. at 64.

**Dr. Reddy's Medical Opinion**

Medical opinions are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); 20 C.F.R. § 416.927(a)(2). When determining what weight to assign a medical opinion, the ALJ should consider the following factors: (1) whether the source examined the claimant; (2) whether the source was a treating physician; (3) the length of the treatment relationship and the frequency of examination; (4) the nature and extent of the treatment relationship; (5) whether the source identified relevant evidence to support the opinion; (6) consistency with the complete record; (7) the specialization of the physician; and (8) other relevant factors. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). Even so, the ALJ should not attribute any special significance to an opinion that the claimant is disabled or that the claimant's impairments meet or equal any relevant listing because such an opinion is not a medical opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). Instead, it is an opinion on an issue expressly reserved to the Commissioner. Id.

In this case, the ALJ's written decision contains inconsistent findings about the mental impairment questionnaire signed by Dr. Reddy and the overall medical opinion of Dr. Reddy. For example, the ALJ mistakenly states that Constance Parrish completed the mental impairment questionnaire on November 18, 2011. AR 60. Yet, the record indicates that both Dr. Reddy and Constance Parrish completed the mental impairment questionnaire on November 28, 2011. AR 406. The ALJ also discounts the findings in the mental impairment questionnaire because "Constance Parrish is not an acceptable medical source" and because "[a]ll of these opinions are extremely inconsistent with the opinion of [Plaintiff's] treating mental health doctor, Sujatha

Reddy." AR 60. As previously explained, however, Dr. Reddy signed the mental impairment questionnaire, which diagnosed Plaintiff with severe bipolar disorder with psychotic features, obsessive compulsive disorder, personality disorder not otherwise specified, borderline intellectual functioning, chronic cervical pain, migraine headaches and assessed Plaintiff with a current GAF score of 48. AR 404-406. The diagnoses contained in the mental impairment questionnaire signed by Dr. Reddy closely correlate with Dr. Reddy's prior diagnoses of Plaintiff's mental impairments during their multiyear treatment relationship. AR 302-303; AR 310-311; AR 327-328; AR 334; AR 337; AR 379-380. The ALJ's written decision contains no explanation for these inconsistent findings.

The ALJ further acknowledges that Dr. Reddy is "a mental health treating source with a history of treating [Plaintiff]," but the ALJ affords "significant" weight to only one aspect of Dr. Reddy's overall medical opinion, namely that "[Plaintiff] was doing well on his medications with no side effects." AR 60. In so doing, the ALJ's written decision does not adequately explain how the opinion of Dr. Reddy was assessed and why the opinion of Dr. Reddy, as a treating psychiatrist, was not "given substantial or considerable weight[.]" Lewis, 125 F.3d at 1440. Generally, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Id. Even so, "good cause" exists to discount the medical opinion of a treating physician where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241. Here, the ALJ does not articulate "good cause" to discount various other aspects of Dr. Reddy's overall medical opinion, including, but not limited to, Dr. Reddy's medical opinion as set forth in the mental impairment questionnaire. As a result, the ALJ's written decision fails

to comport with the well-established case law of this Circuit, which provides that the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

Where, as here, the ALJ "fails to 'state with at least some measure of clarity the grounds for [her] decision,' [the Court] will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011), quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984). It is troubling that the ALJ neglected to state with sufficient particularity the weight she gave to Dr. Reddy's overall medical opinion and the reasons therefor. Winschel, 631 F.3d at 1179. Absent more information from the ALJ, it is impossible for the Court to determine whether substantial evidence supports the ALJ's written decision, and it is inappropriate for the Court to affirm because some unarticulated rationale might have supported the ALJ's findings. Id. In sum, the ALJ's written decision simply does not provide the Court with a sufficient factual basis to determine whether the correct legal standards were applied in this case.

## CONCLUSION

Because the ALJ fails to provide an adequate explanation regarding how she made inconsistent findings about the mental impairment questionnaire signed by Dr. Reddy and the overall medical opinion of Dr. Reddy, the ALJ's written decision does not provide the Court with a sufficient factual basis to determine whether the correct legal standards were applied. Accordingly, it is hereby **RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of June, 2014.


<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge