IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH E. CARSWELL, | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | No. 5:13-CV-252 (CAR) |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Commissioner of Social Security, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

### ORDER ON THE RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 16] to reverse and remand the Commissioner's decision denying Plaintiff Kenneth E. Carswell's application for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed a timely Objection [Doc. 18] to the Recommendation. Having considered the Objection and conducted a *de novo* review of the matters raised therein, the Court agrees with the findings and conclusions of the Magistrate Judge.

In the Objection, the Commissioner takes issue with the Magistrate Judge's conclusion that the ALJ committed reversible error by (1) failing to explain inconsistent findings regarding medical opinions in a mental impairment questionnaire signed by Plaintiff's treating psychiatrist, Dr. Reddy, and the overall opinion of Dr. Reddy and (2)

failing to articulate good cause for discounting Dr. Reddy's opinions in the questionnaire. The Commissioner concedes that the ALJ failed to acknowledge that Dr. Reddy completed the questionnaire. Nevertheless, the Commissioner argues that the ALJ's failure amounts to harmless error because the ALJ articulated good cause for discounting the questionnaire opinions. Specifically, the ALJ explained that the questionnaire was inconsistent with Dr. Reddy's overall opinion that Plaintiff's symptoms were stable on medication, and substantial evidence in the record supports this conclusion. Despite the Commissioner's argument to the contrary, the Court cannot find that the ALJ's error was harmless.

As fully explained by the Magistrate Judge, the ALJ must give a treating physician's opinion "substantial or considerable weight unless 'good cause' is shown to the contrary."[1] Furthermore, "[w]hen electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons."[2] The ALJ discounted the medical opinions in the questionnaire as inconsistent with Dr. Reddy's overall opinion, but failed to acknowledge that Dr. Reddy was the source of both opinions. There is no explanation in the ALJ's decision regarding these inconsistent findings. Moreover, the ALJ failed to articulate good cause for rejecting some of Dr. Reddy's opinions while

---

[1] *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).
[2] *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

accepting others.[3]  The Commissioner's argument that substantial evidence in the record supports the ALJ's finding that Plaintiff's symptoms were stable on medication amounts to an inappropriate post hoc justification to cure the inadequacies in the ALJ's decision.  This Court, however, "cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'"[4]

Based on the foregoing, the Recommendation [Doc. 16] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.  As a result, the Commissioner's decision is **REVERSED and REMANDED** for further proceedings pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g) in accordance with the Magistrate Judge's Recommendation.

**SO ORDERED,** this 30th day of September, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP

---

[3] *See Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ('Reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.").

[4] *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)); *see also Mills v. Astrue*, 226 F. App'x 926, 932 (11th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.")).